UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Amber Lowe, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Trinity Health-Michigan,<br><br>Defendant. | Civil Action No. 2:24-cv-10054<br><br>Honorable Laurie J. Michelson |

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Defendant, Trinity Health-Michigan d/b/a Trinity Health Livingston, by and through its attorneys, Clark Hill PLC, states as follows for its Amended Answer and Affirmative Defenses to Plaintiff's Complaint:

### I.  NATURE OF ACTION

1. Defendant admits that Plaintiff's Complaint alleges claims under state and federal law. However, Defendant denies that it violated any law and/or that it is liable to Plaintiff or any of the alleged Collective Action Members or Class Action Members for any reason.

2. Defendant admits that it is not required to pay employees for bona fide meal breaks. Defendant denies the remaining allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant admits that Plaintiff brings this lawsuit under the Fair Labor Standards Act ("FLSA") on behalf of herself and other alleged Collective Action Members. However, Defendant denies that Plaintiff or any of the alleged Collective Action Members were deprived of overtime pay and/or that Defendant is liable to Plaintiff or any of the alleged Collective Action Members under the FLSA or for any other reason.

5. Defendant admits that Plaintiff brings this lawsuit under state law on behalf of herself and other alleged Class Action Members. However, Defendant denies that Plaintiff or any of the alleged Class Action Members were deprived of compensation for the straight-time hours they worked and/or that Defendant is liable to Plaintiff or any of the alleged Class Action Members for any reason. Defendant further denies that it had a contract with Plaintiff regarding "straight time pay."

6. Defendant admits that Plaintiff seeks damages on behalf of herself and other alleged Collective Action Members under the FLSA and state law. However, Defendant denies that Plaintiff or any of the alleged Collective Action Members are entitled to any damages in this matter.

## II. THE PARTIES

**A. Plaintiff Amber Lowe**

7. Defendant neither admits nor denies the allegations in paragraph 7,

lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

8. Defendant admits only that Plaintiff began working for Trinity Health-Michigan d/b/a Trinity Health Livingston (f/k/a Saint Joseph Mercy Livingston) ("Trinity Health Livingston") on or about November 23, 2021, and that Plaintiff is a former employee. Defendant denies the remaining allegations in paragraph 8. By way of further answer, Plaintiff last worked for Trinity Health Livingston on or about December 2, 2023.

9. Defendant admits that it paid Plaintiff hourly during her employment with Trinity Health Livingston. Defendant neither admits nor denies the phrase "at all relevant times," lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

10. Defendant neither admits nor denies the allegations in paragraph 10, lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

**B.     Collective Action Members**

11. Defendant admits that Plaintiff is attempting to bring a collective action under the FLSA that consists of nurses and technicians. However, Defendant denies that there is a factual or legal basis for a collective action under the FLSA.

12. Defendant denies the allegations in paragraph 12.

**C.     Class Action Members**

13.     Defendant admits that Plaintiff is attempting to bring a class action under Rule 23 that consists of nurses and technicians.  However, Defendant denies that there is a factual or legal basis for a class action under Rule 23.

14.     Defendant denies the allegations in paragraph 14.

**D.     Defendant Trinity Health - Michigan**

15.     Defendant admits that Trinity Health-Michigan is a domestic nonprofit corporation organized under the laws of the State of Michigan.  Defendant denies that Trinity Health–Michigan is appropriately identified as the Defendant in this matter as Plaintiff only worked at Trinity Health Livingston.

16.     Paragraph 16 contains a legal conclusion.  To the extent this paragraph 16 is inconsistent with the FLSA, Defendant denies. Defendant further denies any allegation or inference that it violated the FLSA.

17.     Admitted.

### III.     JURISDICTION AND VENUE

18.     Paragraph 18 contains a legal conclusion.  Defendant admits only that the FLSA is a federal statute.  Defendant denies any allegation or inference that it violated the FLSA.

19.     Paragraph 19 contains a legal conclusion. Defendant neither admits nor denies the allegations in paragraph 19, lacking sufficient information to form a belief

4

as to the truth thereof, and leaves Plaintiff to her proofs.

20. Paragraph 20 contains a legal conclusion. Defendant admits only that it employed Plaintiff within the Eastern District of Michigan. Defendant denies any allegation or inference that it violated the law.

21. Paragraph 21 contains a legal conclusion. Defendant denies any allegation or inference that it violated the law.

### IV.   FACTUAL BACKGROUND

22. Defendant admits that Plaintiff was hired by Trinity Health Livingston on or about November 23, 2021, that she was a nurse during her employment with Trinity Health Livingston, and that Trinity Health Livingston paid Plaintiff an hourly rate for all hours worked. Defendant denies that Plaintiff was employed by Trinity Health Livingston through December 8, 2023, and denies any inference that there was a contract between Trinity Health Livingston and Plaintiff regarding an hourly wage rate. Defendant neither admits nor denies the remaining allegations in paragraph 22, lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

23. Defendant denies the allegations in paragraph 23 as to Plaintiff. Defendant neither admits nor denies the remaining allegations in paragraph 23 as they are overly broad and, thus, Defendant lacks sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## V.    FLSA CLAIMS FOR OVERTIME PAY

32. Defendant restates each and every answer to the allegations contained in paragraphs 1- 31 as if fully set forth herein.

33. Paragraph 33 contains a legal conclusion. Defendant denies that Plaintiff has satisfied or will be able to satisfy the requirements for a collective action under the FLSA.

34. Paragraph 34 contains a legal conclusion. To the extent this paragraph 34 is inconsistent with the FLSA, Defendant denies. Defendant further denies any allegation or inference that it violated the FLSA.

35. Defendant admits only that Plaintiff was an employee of Trinity Health Livingston as the term "employee" is defined under the FLSA. Defendant neither

admits nor denies the remaining allegations in paragraph 35, lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

36. Defendant admits that Plaintiff was not exempt from overtime under the FLSA during her employment with Trinity Health Livingston. Defendant neither admits nor denies the remaining allegations in paragraph 36, lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

37. Defendant admits that Plaintiff was paid on an hourly basis during her employment with Trinity Health Livingston. Defendant neither admits nor denies the remaining allegations in paragraph 37, lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

38. Defendant neither admits nor denies the allegations in paragraph 38 as they are overly broad and, thus, Defendant lacks sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs.

39. Defendant denies the allegations in paragraph 39.

40. Defendant admits that it is required to pay non-ministerial hourly, non-exempt employees one and one-half times their regular rate for hours worked over forty in a particular workweek. By way of further answer, Defendant satisfied this requirement with regard to Plaintiff.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

## VI.  COLLECTIVE ACTION CLAIMS

45. Defendant restates each and every answer to the allegations contained in paragraphs 1- 44 as if fully set forth herein.

46. Defendant denies the allegations in paragraph 46.

47. Defendant admits that Plaintiff is attempting to bring a collective action under the FLSA.  However, Defendant denies that there is a factual or legal basis for a collective action under the FLSA.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies that there is a factual or legal basis for a collective action under the FLSA.

55. Defendant denies that there is a factual or legal basis for a collective action under the FLSA.

## MICHIGAN STATE LAW CLAIMS FOR BREACH OF CONTRACT

56. Defendant restates each and every answer to the allegations contained in paragraphs 1- 55 as if fully set forth herein.

57. Paragraph 57 contains a legal conclusion. Defendant admits that Michigan common law allows for a common law breach of contract cause of action, but Defendant denies any allegation or inference that Plaintiff can establish a breach of contract claim.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

## CLASS ACTION ALLEGATIONS FOR BREACH OF CONTRACT

63. Defendant restates each and every answer to the allegations contained in paragraphs 1- 62 as if fully set forth herein.

64. Defendant admits that Plaintiff is attempting to bring a class action under Rule 23. However, Defendant denies that there is a factual or legal basis for a class action under Rule 23.

65. Defendant denies that the proposed Michigan Class is appropriate, as there is no factual or legal basis for a class action under Rule 23.

66. Defendant denies that there is a factual or legal basis for a class action under Rule 23.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant neither admits nor denies the allegations in paragraph 72, lacking sufficient information to form a belief as to the truth thereof, and leaves Plaintiff to her proofs. By way of further answer, there is a factual or legal basis for a class action under Rule 23.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

## JURY DEMAND

77. Defendant admits that Plaintiff has demanded a jury trial. By way of further answer, there are no factual or legal issues that require a jury's consideration.

## DAMAGES AND PRAYER

78. Defendant denies the allegations in paragraph 78, including subparts a.

– g.

## GENERAL DENIAL

Defendant denies any allegation in Plaintiff's Complaint that is not expressly admitted. Defendant denies that there is a factual or legal basis for a collective or class action. Defendant further denies any allegation or inference that it treated Plaintiff or any other alleged putative Collective/Class Action Member unlawfully and denies that they are entitled to any remedies.

Wherefore, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its costs and attorney fees and any other relief deemed just and appropriate.

                                          Respectfully submitted,

                                          CLARK HILL PLC

                                          By:   */s/ Vincent C. Sallan*
                                                    David M. Cessante (P58796)
                                                    Vincent C. Sallan (P79888)
                                                    Attorneys for Defendant
                                                    500 Woodward Avenue, Suite 3500
DATE: February 20, 2024                  Detroit, Michigan 48226

## DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Defendant, Trinity Health-Michigan d/b/a Trinity Health Livingston, through its attorneys Clark Hill PLC, states as follows for its Amended Affirmative Defenses to Plaintiff's Complaint, but does not assume the burden of proof on any such

11

defense except as required by law:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations period.

3. Plaintiff's state law claim for non-payment of wages is preempted by federal and state law; and is barred by her failure to exhaust administrative remedies.

4. Defendant denies that Plaintiff and the alleged collective/class are entitled to liquidated damages because any acts or omissions giving rise to these claims were undertaken or made in good faith, and Defendant had reasonable grounds for believing its acts or omissions did not violate the law.

5. The claims of Plaintiff are barred in whole or in part by the *de minimis* doctrine.

6. Upon information and belief, the claims of Plaintiff are barred, in whole or in part, by the doctrines of waiver, estoppel, prior release, novation, accord and satisfaction, modification, unclean hands, payment, and/or laches.

7. Defendant reserves the right to add any additional affirmative defenses that may become known during the course of discovery or otherwise.

Wherefore, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its costs

and attorney fees and any other relief deemed just and appropriate.

                              Respectfully submitted,

                              CLARK HILL PLC

                     By:   */s/ Vincent C. Sallan*
                              David M. Cessante (P58796)
                              Vincent C. Sallan (P79888)
                              Attorneys for Defendant
                              500 Woodward Avenue, Suite 3500
DATE: February 20, 2024             Detroit, Michigan 48226

## **CERTIFICATE OF SERVICE**

I certify that on February 20, 2024, I, the undersigned, filed the foregoing documents with the Court through the Court's CM/ECF system, which will cause the foregoing document to be served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

                              */s/ Vincent C. Sallan*
                              Vincent C. Sallan