IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | | |
|---|---|---|
| Amber Lowe, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:24-cv-10054-LJM-CI |
| Trinity Health-Michigan, | § § | Hon. Laurie J. Michelson |
| Defendant. | § § | Mag. J. Curtis Ivy, Jr. |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE**

Before the Court is the Joint Motion for Approval of FLSA Settlement ("Motion") brought by the parties. This Court finds the matter appropriate for resolution without oral argument. Having reviewed the Motion, the Court now GRANTS approval.

I.   **BACKGROUND**

Plaintiff Amber Lowe ("Lowe" or "Plaintiff"), individually and on behalf of all other alleged similarly situated employees, alleges that Defendant Trinity Health-Michigan ("Defendant" or "Trinity") violated federal wage and hour laws by failing to pay the Registered Nurses and Emergency Department Technicians (also known as Patient Care Technicians) who work or worked in the Emergency Departments at Defendant's Ann Arbor Hospital, Chelsea Hospital, and Trinity Health Livingston

Hospital for all meal breaks during which they were not completely relieved of duty and performed "inactive" duties for Defendant's predominant benefit. There are 892 putative settlement collective action members located at three hospitals in Michigan. Defendant denies any wrongdoing.

## II.   SETTLEMENT TERMS

Under the FLSA Settlement, Defendant will pay a gross settlement amount of $450,000.00 which will be allocated as follows:

Plaintiff's counsel shall receive $180,000 as compensation for mandatory FLSA attorneys' fees and costs of litigation.

The Settlement Administrator shall receive $9,600.00, which Plaintiff's counsel represents was the lowest bid for similar services obtained.

A service award of $2,500.00 will be paid to Amber Lowe, the representative of the settlement collective action members.

The remaining net settlement amount will be distributed among participating collective action members who submit a completed claim form during the notice period. If any settlement checks remain uncashed for 120 days, the value of such checks will revert to Defendant.

## III.   NOTICE PLAN

In order to give notice of the FLSA Settlement, the Settlement Administrator will send, via mail, a short and plain statement (the "Settlement Notice") explaining

the claims in this lawsuit, the terms of the FLSA Settlement, the payments to which they may be entitled if they complete a claim form, how the payments will be calculated, the procedure for receiving a settlement payment, the risks of further litigation, and contact information for the Settlement Administrator and Plaintiff's counsel in case the recipient has questions about the FLSA Settlement.

The Settlement Notice will be mailed to each putative settlement collective action member's last known address. If any Settlement Notice is returned as undeliverable, the Settlement Administrator will make one skip-trace search to attempt to ascertain the recipient's correct and current address.

Upon receipt of the Settlement Notice, settlement collective action members will have sixty (60) days to submit a claim form to the Settlement Administrator. After the Settlement Administrator receives the claim forms from the participating collective action members, it shall remit payment to them within forty-five (45) days after the close of the notice period.

## IV.   DISCUSSION

The Court finds that the parties have a number of bona fide legal and factual disputes in this lawsuit, and that the FLSA Settlement is fair and reasonable, was reached via arms-length negotiations without fraud or collusion and provides meaningful compensation to the participating collective action members. The Court also finds that the attorneys' fee award is reasonable in light of the scope and

complexity of the case, and the risk to Plaintiff's counsel in agreeing to take the case on a contingency basis. The Court similarly approves of the service award to Plaintiff as the representative of the settlement collective action members, in recognition of her investigative work, attendance of meetings with counsel, and assumption of risk in acting as a representative.

The Court further finds that the parties' proposals for the administration of the FLSA Settlement provide a reasonable amount of time for the settlement collective action members to learn of their rights and decide whether to participate in in the FLSA Settlement.

## V.   DISPOSITION

For the reasons set forth above, the Court GRANTS the Joint Motion for Approval of the FLSA Settlement and ADOPTS all proposals for settlement administration and DISMISSES the case with prejudice.

Dated: January 17, 2025

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE